It appears from the petition and proof that Sadie and Benjamin Silverman executed a first mortgage for eight thousand dollars ($8,000) to the Hillside National Bank, and a second mortgage of seven thousand dollars ($7,000) to Samuel Dembling, who later assigned the same to Lena Alpern. The Hillside National Bank foreclosed its mortgage, in which proceedings Lena Alpern was named as a defendant. No answer in the foreclosure proceeding was filed by her and the cause proceeded to a decree for complainant in the sum of $9,179.81. At the sheriff's sale the property was struck off to the Hillside National Bank, for the sum of one hundred dollars ($100), after which the respondent, Lena Alpern, instituted suit in the supreme court to recover the deficiency arising upon her second mortgage. It is this suit which the Silvermans by their petition now pray the court to enjoin, pending a reference to a master to determine the fair value of the property, which amount so determined they seek to have credited upon their bond, alleging in their petition that the fair value of the mortgaged premises is a sum in excess of the amount due on the first and second mortgages.
Petitioners' claim for equitable relief is predicated upon the ruling in Federal Title and Mortgage Guaranty Co. v.Lowenstein, 113 N.J. Eq. 200, wherein we said that "the mortgagee will not be permitted to retain the estate which will, in effect, become absolute in him upon confirmation of the foreclosure sale, and also recover the debt which is the consideration of that estate by an action on the bond, except and until he credits upon that bond the fair value of the mortgaged premises so acquired by him." *Page 465 
The decision in Federal Title and Mortgage Guaranty Co. v.Lowenstein, supra, has no application here. No general rule of universal application, requiring an allowance or credit of the fair value of premises sold at foreclosure sale was therein established. Each case must be governed by its peculiar facts. The principle therein enunciated was arrived at because of the economic stress recited, and was based in the main upon the maxim that "equity will not suffer a double satisfaction to be taken."Francis, Maxims of Equity (2d ed., 1739) 41. The rule there laid down cannot be invoked here, since the first mortgagee has the land, and the second mortgagee nothing except the bond.Maher v. Usbe Building and Loan Association, 116 N.J. Eq. 398.
If the relief prayed for by the petitioner herein were granted, the mortgagee would have neither the security nor payment of the debt.
The order to show cause will be discharged and the petition dismissed. *Page 466