186 So. 136

### ALABAMA MORTGAGE & SECURITIES CORPORATION v. CHINERY.

6 Div. 330.

Supreme Court of Alabama.

Jan. 12, 1939.

Rehearing Denied Feb. 9, 1939.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Martin, Turner & McWhorter and Edwin I. Hatch, all of Birmingham, for appellee.

BROWN, Justice.

This is an action of assumpsit by the appellant, against appellee, on a promissory note made by the defendant on the 16th day of November, 1931, for $1486.12, to Southern Mortgage & Securities Corporation, with the interest thereon, alleged to be "due and unpaid" on the filing of the complaint, June 12, 1937.

The plaintiff sues as indorsee of the note. The defendant filed, "in open court" on March 7, 1938, six special pleas, lettered from A to F inclusive, in legal effect admitting the indebtedness—the general issue not being interposed—and seeking to invoke the benefits of Act 146, known as the Chichester Act, approved June 24, 1935, entitled "An Act to regulate all actions, now pending or hereafter instituted, during the life of this Act, whether at law or in equity, wherein recovery is sought on any indebtedness, in whole or in part, then or theretofore secured by any mortgage or other lien on real estate, or then or theretofore payable under any contract of sale of real estate." Acts 1935, pp. 184–187.

This legislation has been justified on the theory that its enactment was in the exercise of the police power of the State residing in the Legislature. Mutual Building & Loan Ass'n v. Moore, 232 Ala. 488, 169 So. 1; Birmingham Trust & Savings Co. v. Joseph, 234 Ala. 271, 175 So. 275.

The several pleas invoke the benefits of §§ 3 and 4 of said Act, which provide as follows:

"That in all actions at law now pending or hereafter instituted during the life of this Act, wherein, recovery is sought on any indebtedness, in whole or in part, then or theretofore, secured by any mortgage or other lien on real estate executed contemporaneously with the creating of the

original indebtedness or then payable under any contract of sale of real estate, the defendant, in addition to any other defenses thereto, may by plea, set off against said indebtedness an amount equal to the fair market value of the said real estate covered by said mortgage or other lien or contract of sale whether said mortgage or other lien or contract of sale may have been foreclosed or not, said value to be determined by a court, or by a jury, if a jury be demanded by either party; but in no case shall any such set off or credit so determined by the court or the jury be allowed to exceed the amount of the said indebtedness; which said indebtedness shall include (without limiting the same thereto) principal, interest and a reasonable attorney's fee if the instrument or instruments sued on provide for the payment of the same.
* * *

"That in any action at law now pending or hereafter instituted during the life of this Act, wherein recovery is sought on any indebtedness, in whole or in part then or theretofore secured by any mortgage or other lien on real estate executed contemporaneously with the creation of the original indebtedness, or then or theretofore payable under any contract of sale of real estate which mortgage, or other lien or contract of sale has been foreclosed either before or after the institution of said suit, the defendant in such suit, in addition to any other defenses thereto, may, by plea allege, in substance, that the property which secured said debt did not upon foreclosure sale bring its fair and reasonable value at the foreclosure sale and that the evidence of the debt is entitled to be credited with the fair and reasonable value, and an issue must be made upon said plea under the direction of the Court."

While it must be conceded that the purpose of the Act is not clearly expressed either in its title or body, it follows in its general scope the provisions of the civil practice Act of New York, as amended at the Extra Session of the Legislature of that State in 1933, c. 794, and interpreted by the Appellate Division of the Supreme Court, Second Department, May 3, 1934, and by the Governor of that State in a memorandum of April 24, 1934, on extending the period of its operation to July 1, 1936. Said the Governor: "The purpose of these acts was to 'prevent a mortgagee from foreclosing property and from obtaining, in addition, an exaggerated deficiency judgment against the mortgagor.'" 241 App.Div. 314, 271 N.Y.S. 629, 631. Said the Court: "The emergency legislation was intended to prevent unconscionable gains by mortgagees through acquiring both the property and a large deficiency judgment to be satisfied from other property of the luckless mortgagors. As we' view it, it was not intended to destroy and wipe out all obligations where the mortgagee had suffered a loss of security which had turned out to be inadequate, and leave him entirely remediless with no possible payment from the security and with no right to recover a judgment for the money loaned." Weisel v. Hagdahl Realty Co., Inc. et al., 241 App.Div. 314, 271 N.Y.S. 629, 634.

The Chichester Act No. 146 is broader in its scope than the New York Act, bringing within its provisions mortgages, judgment liens, " 'contract of sale of real estate' * * * 'lease sale contracts,' 'Bonds for title', 'vendor's lien' and other liens." Section 1.

The legislative intent gathered from the act as a whole, is to prevent unconscionable gains by mortgagees and other lien holders through acquiring both the property, at sacrificial price, and leaving a large deficiency as basis for pursuing the mortgagor or lienor and subjecting other property. In short, to prevent the "breaking up process," often pursued by the credit merchant against helpless and hapless debtors.

It was not intended to penalize other creditors of the mortgagor or lienor, not responsible for such foreclosure, who received nothing through the foreclosure, but suffered detriment through diminishing their prospects of collecting their just claims.

To so interpret said act would bring it in conflict with Section 10 of Article 1 of the Constitution of the United States, U.S. C.A. Const. art. 1, § 10, and Sections 22 and 95 of the Constitution of Alabama, 1901. Mutual Building & Loan Ass'n v. Moore, supra; Weisel v. Hagdahl Realty Co., Inc., et al., supra.

The substance of the averments of some of the pleas is, that the defendant on January 2, 1929, executed three notes, to the Southern Mortgage & Securities Corporation, totaling the sum of $2000; that the notes and indebtedness represented thereby were secured by mortgage on real

estate, the execution of the notes and mortgage being contemporaneous.

The mortgagee thereupon transferred the mortgage, the notes and the debts secured thereby to one DeBardelaben, indorsing the notes. On January 2, 1930, the mortgagor failing to pay, the indorser paid the first note of $666.67 at its maturity. On January 2, 1931, like default was made and the indorser paid the second note of $666.67, and became the holder of said notes so paid. On November 16, 1931, a renewal note was executed to the Southern Mortgage & Securities Co., for the amount of the two notes so paid.

DeBardelaben, the transferee and holder of the third note and the mortgage, foreclosed on September 15, 1933, and became the purchaser at the foreclosure sale on a bid of $500.

On March 31, 1936, the payee of the renewal note—the note sued on—indorsed the same to plaintiff.

The pleas aver that said foreclosure was in the time of a "severe financial and economic financial depression" in this State, and that the fair value of the property sold was $2500, and this the defendant offers as a set off against said note.

Assuming as is asserted in argument that the note held by the plaintiff was secured by said mortgage, his security was subordinate to DeBardelaben's, and plaintiff who, so far as appears, was not responsible for the foreclosure, suffered a detriment in the loss of that security by the foreclosure.

The facts stated in the pleas do not bring the case within the influence of said Chichester Act, and therefore, the court erred in overruling the plaintiff's demurrer thereto. Weisel v. Hagdahl Realty Co., Inc. et al., supra.

The plaintiff's case not being within the influence of the act, we are not concerned with the existence of the depression at the time of such foreclosure, September 15, 1933.

The judgment of non-suit is set aside and the cause is reversed and remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.