Complainant has foreclosed a mortgage on the property of defendant Preakness Hills Realty Company and pursuant to the decree sold the premises under execution and bid them in for the sum of $250. The mortgage was originally executed to complainant's predecessor, Investors Title and Mortgage Guaranty Company; and Charles E. Bloom, one of the present petitioners in this proceeding, together with eleven other individuals joined in the bond secured by the mortgage. The mortgage was defaulted and foreclosure proceedings were *Page 259 
instituted by complainant's predecessor and an extension and readjustment was made while complainant's predecessor was in process of reorganization under the Banking and Insurance Department. Another default occurred and resulted in the aforesaid sale under a decree for the sum of $212,500 with interest and costs. The present petitioners, Preakness Hills Realty Company and said Charles E. Bloom, two of the defendants in the foreclosure suit, have filed objections to the confirmation of the sale and applied to the court for an order to compel the crediting on the decree of the fair value of the mortgaged premises.
The petition and supporting affidavits allege that the premises consist of some 150 acres, on which are located a golf course, swimming pool, and other improvements for athletic uses, and that the premises have been used and occupied by a golf club, a tenant of the mortgagor. The premises and the improvements cost the mortgagor some $400,000, and it is the contention of the petitioners that the fair value of the premises is $250,000. The petition further alleges that, by reason of the present war emergency in the United States, particularly with reference to the gasoline, automobile and tire rationing and shortage, golf and country clubs, including the one on the premises, have experienced a severe decline in income and activity; and that the market for suburban real estate generally, and particularly such property as the premises herein, has become uncertain, because of priorities in building materials, government restrictions on building and scarcity of skilled labor. Because of these factors, petitioners allege, they have been unable to refinance the mortgage, or either themselves to redeem it from the mortgage or, for the time being, secure a bidder for the premises at a fair price.
In my opinion, petitioners have come within the principle of the rule laid down in Federal Title and Mortgage Guaranty Co.
v. Lowenstein, 113 N.J. Eq. 200. It was there held that gross inadequacy of price, the absence of competitive bidding because of conditions, existence of an emergency because of which the mortgagor was not able to protect himself by refinancing, together with financial inability to redeem, made *Page 260 
it inequitable to allow the mortgagee to obtain a double satisfaction by acquiring for a nominal consideration, property which, under normal conditions, would be salable at a good figure, and which could be expected later to be salable for such a price, and at the same time obtain a deficiency judgment for substantially the entire amount of the mortgage. The principles of the Lowenstein Case have been followed and applied in numerous cases since. National Mortgage Corp. v. Deering
(Court of Errors and Appeals), 121 N.J. Eq. 274; Young v.Weber, 117 N.J. Eq. 242; Fidelity Union Trust Co. v. Matthews
(Court of Errors and Appeals), 128 N.J. Eq. 475; Silk CityBuilding and Loan Association v. Paterson Talmud Torah,131 N.J. Eq. 167.
The case of Bluestone Building and Loan Association v.Glasser, 117 N.J. Eq. 392, held that the principle that equity will not permit a double satisfaction, applies as well to a collateral bondsman as to the mortgagor.
While the earlier cases were based on the existence of the financial depression which began in 1929, the principle of protection of the mortgagor because of an emergency which renders him helpless to protect himself by refinancing, or redemption, or the existence of a normal market, applies as well to any situation showing abnormal conditions.
The present petition will be granted to the extent of making an order directing a reference to a special master to fix and determine the fair value of the premises in suit. Any further equities will be reserved until the coming in of the report. *Page 261