FLORENCE CULLIFORD, Plaintiff, *v.* SAMUEL B. WEINGRAD et al., Defendants.

Supreme Court, Special Term, Kings County, December 2, 1948.

*Nemser & Geloskey* for plaintiff.

*Samuel B. Weingrad,* defendant in person.

FROESSEL, J. Motion by plaintiff for an order amending a judgment of foreclosure and sale *nunc pro tunc* as of April 25, 1941, the date of its entry, so as to make it a money judgment.

This action was commenced in 1940, to foreclose a purchase money second mortgage which, with an accompanying bond in the sum of $500, was executed and delivered on September 21, 1940. On April 25, 1941, a judgment of foreclosure and sale was entered which directed the sale of the mortgaged premises and payment to the plaintiff of $732.42. The judgment further directed the entry of a deficiency judgment against the defendant Samuel B. Weingrad upon compliance with section 1083 of the Civil Practice Act.

Before a sale could be held pursuant to the judgment herein, the premises were sold on June 5, 1941, under another judgment of foreclosure and sale, obtained by the first mortgagee on May 13, 1941. On that sale there was a deficiency of $2,178.47 on account of the first mortgage. As a result of the foreclosure of the first mortgage, plaintiff's judgment of foreclosure and sale has been of no benefit to her, no sale has been held thereunder, and she has received nothing in satisfaction of her bond, mortgage or the judgment obtained herein. Plaintiff seeks, therefore, to amend the judgment of foreclosure and sale so as to make it a money judgment on which she can issue execution. In effect, it is a motion for an order directing the entry of a deficiency judgment and the court will so consider it.

Defendant Samuel B. Weingrad opposes this motion on the grounds (1) that plaintiff has been guilty of laches in allowing over seven and one-half years to elapse since the entry of the original judgment, (2) that plaintiff is trying to change the cause

of action sued upon from a suit in equity to an action at law, and (3) that plaintiff is trying to circumvent the provisions of sections 1083 and 1083-a of the Civil Practice Act, which provide that an application for a deficiency judgment must be made within ninety days after the date of the consummation of the sale, by the delivery of the proper deed of conveyance.

The attorney, who represented the plaintiff at the time of the entry of the judgment herein, entered the army in February, 1942, and was discharged only in May, 1948. This may account for plaintiff's inaction during the intervening years, but in any event there can be no laches unless defendant has changed his position in reliance thereon. He has not shown this to be the case, and there is no merit to the first objection.

Defendant's second objection is likewise without merit. Prior to the Revised Statutes, the Court of Chancery did not render a personal judgment against the mortgagor for the mortgage debt in an action to foreclose a mortgage. Such a judgment was obtainable only by an action at law, but this was changed by statute (Rev. Stat. of N. Y., part III, ch. I, tit. II, §§ 151–154) so as to bring it within the general rule " that where a court of equity obtains jurisdiction of an action it will retain it and administer full relief, both legal and equitable, so far as it pertains to the same transaction or the same subject-matter." (*Frank* v. *Davis*, 135 N. Y. 275, 278.) In that case defendant took the technical position that since the applicable statute (Code Civ. Pro., § 1627) provided that a personal judgment against the mortgagor might be ordered for the balance of the mortgage debt that may remain unsatisfied after a sale of the premises, the deficiency judgment was unauthorized because there had been no sale. The court held that " the full purpose of the statute has been accomplished if the deficiency be ascertained, as in this case, by a sale in an action to foreclose a prior mortgage to which the defendant was a party." (P. 279.) The court said that to hold otherwise would shorten the arm of equity and sacrifice substance to mere form. In the instant case plaintiff sued for foreclosure of a mortgage. A court of equity, thus having jurisdiction, is empowered to render a money judgment. This is so whether the relief be considered as incidental to the action in rem or treated as one to fix liability on the bond or debt. (*Levy* v. *Jones*, 269 App. Div. 295, 298.)

Sections 1083 and 1083-a of the Civil Practice Act apply only where a deficiency judgment is sought after an actual sale. They have no application to the present situation in which there has

been no sale of the premises. (*Weisel* v. *Hagdahl Realty Co.,* 241 App. Div. 314, 317.) In that case plaintiff obtained a judgment of foreclosure and sale on a third mortgage. While the action was pending the first mortgage was foreclosed, and the property was sold pursuant to that judgment. The court directed the entry of a deficiency judgment for the entire sum found to be due to the plaintiff in the judgment of foreclosure and sale, notwithstanding the fact that neither plaintiff nor defendant offered any proof as to the value of the property. This case has been cited with approval in many subsequent decisions.

Accordingly, leave to enter a deficiency judgment against defendant Samuel B. Weingrad is hereby granted. Under the circumstances, however, the judgment will not be entered *nunc pro tunc,* but shall take effect as of the date of its actual entry. Settle order on notice.