[L. A. No. 27021. In Bank. Jan. 22, 1963.]

ROSELEAF CORPORATION, Plaintiff and Respondent, v. WILLY F. CHIERIGHINO, Defendant and Appellant.

Ernest M. Silver and Louis C. Hoyt for Defendant and Appellant.

Brown & Altshuler, Leo Altshuler and James J. Brown for Plaintiff and Respondent.

John R. Hetland, Murry Luftig, Landels, Weigel & Ripley and Edward D. Landels as Amici Curiae on behalf of Plaintiff and Respondent.

TRAYNOR, J.—Roseleaf Corporation sold its hotel to Willy Chierighino and his family. The consideration given by the Chierighinos included a note (not involved in this action) secured by a first trust deed and chattel mortgage on the hotel and its furnishings and three notes each secured by a second trust deed on real property owned by Willy.[1] The first trust deeds on these three parcels were owned by strangers to this action.[2] After the sale of the hotel, those owners caused the three parcels to be sold under powers of sale contained in the first trust deeds. The second trust deeds held by Roseleaf were not protected at the sales and were rendered valueless thereby. Thereafter Roseleaf brought this action to recover the full amount unpaid on the three notes secured by the second trust deeds. The trial court entered judgment for Roseleaf. Defendant Willy Chierighino appeals, contending that Roseleaf's action is limited by section 580a and barred by sections 580b and 580d of the Code of Civil Procedure.

 In the absence of a statute to the contrary, a creditor secured by a trust deed or mortgage on real property may recover the full amount of the debt upon default. He may realize the security or sue on the obligation or both; the obligation is an independent undertaking by the debtor to pay. (See 2 Glenn, Mortgages (1943) § 140, p. 811.) In most states now, however, the creditor's right to enforce such a debt is restricted by statute. Thus, in California the creditor must rely upon his security before enforcing the debt. (Code Civ. Proc., §§ 580a, 725a, 726.) If the security is insufficient, his right to a judgment against the debtor for

[1]Two of the trust deeds were on property originally owned by Willy's relatives, the third was on property owned by Willy. Under the escrow instructions the three parcels were conveyed to Roseleaf, then reconveyed to Willy. The trial court found on substantial evidence that these conveyances were not intended to be bona fide sales to Roseleaf. There is no merit in defendant's contention that extrinsic evidence was improperly admitted to show the facts and circumstances surrounding the transaction. (*Barham* v. *Barham*, 33 Cal.2d 416, 423 [202 P.2d 289]; see *Imbach* v. *Schultz*, 58 Cal.2d 858 [27 Cal.Rptr. 160, 377 P.2d 272.]

[2]Two of the trust deeds were apparently executed to the owners thereof by Willy. The third was executed by Willy to Roseleaf, which in turn assigned it to the ultimate owner. These transactions took place while the hotel was in escrow, the purpose being to raise the cash that Roseleaf demanded as a condition to the sale.

the deficiency may be limited or barred by sections 580a, 580b, 580d, or 726 of the Code of Civil Procedure.

Under sections 580a and 726, proceedings for a deficiency must be initiated within three months after either a private sale under a power of sale or a judicial sale, and the recovery may not exceed the difference between the amount of the indebtedness and the fair market value of the property at the time of the sale.[3] ■ The "one form of action" rule of section 726 does not apply to a sold-out junior lienor (*Savings Bank* v. *Central Market Co.*, 122 Cal. 28, 33-36 [54 P. 273]; see *Brown* v. *Jensen*, 41 Cal. 2d 193, 196 [259 P.2d 425]), nor does the three-months limitation of section 580a. (*Hillen* v. *Soule*, 7 Cal.App.2d 45, 47 [45 P.2d 349] [holding that section 580b did not apply disapproved in *Brown* v. *Jensen*, 41 Cal.2d 193, 198 [259 P.2d 425]].) There is no reason to compel a junior lienor to go through foreclosure and sale when there is nothing left to sell. Moreover, to compel a junior lienor to sue for a deficiency within three months of the senior's sale would unnecessarily compel acceleration of the junior obligation, to the detriment of the debtor.

■ The fair-value limitations of sections 580a and 726 likewise do not apply to a junior lienor, such as Roseleaf, whose security has been rendered valueless by a senior sale. Section 726 provides that the decree of foreclosure "shall

---

[3]Section 580a provides in part: "Whenever a money judgment is sought for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage. . . .

"The court may render judgment for not more than the amount by which the entire amount of the indebtedness due at the time of sale exceeded the fair market value of the real property or interest therein sold at the time of sale. . . .

"Any such action must be brought within three months of the time of sale under such deed of trust or mortgage.

"No judgment shall be rendered in any such action until the real property or interest therein has first been sold pursuant to the terms of such deed of trust or mortgage, unless such real property or interest therein has become valueless."

Section 726 provides in part: "The decree for the foreclosure of a mortgage or deed of trust secured by real property or any interest therein shall declare the amount of the indebtedness or right so secured and . . . shall determine the personal liability of any defendant for the payment of the debt secured by such mortgage or deed of trust . . . . [U]pon application of the plaintiff filed at any time within three months of the date of the foreclosure sale . . . the court shall render a money judgment . . . for the amount by which the amount of the indebtedness . . . exceeds the fair value of the property or interest therein sold as of the date of sale. . . ."

determine the personal liability of any defendant for the payment of the debt secured by *such* mortgage or deed of trust," (italics added) referring to the mortgage or deed of trust foreclosed by the same decree. Section 580a refers to a suit for the balance due on an obligation secured by a mortgage or deed of trust "following the exercise of the power of sale in *such* deed of trust or mortgage." (Italics added.) (See Riesenfeld, *California Legislation Curbing Deficiency Judgments* (1960) 48 Cal. L. Rev. 705, 726.)

The purpose of the fair-value limitations in sections 580a and 726 does not extend to sold-out junior lienors. Many states enacted fair-value statutes similar to sections 580a and 726 during the 1930's when it was felt that real property could not be sold for its "true" value. (See Glenn, Mortgages (1943) § 156, pp. 857-861; Poteat, *State Legislative Relief for the Mortgage Debtor During the Depression* (1938) 5 Law & Contemp. Prob. 517, 529-544.) ▮ Fair value provisions are designed to prevent creditors from buying in at their own sales at deflated prices and realizing double recoveries by holding debtors for large deficiencies. (See *Hatch* v. *Security-First Nat. Bank,* 19 Cal.2d 254, 259 [120 P.2d 869]; *Sivade* v. *Smith,* 104 N.J. Eq. 528 [146 A. 364]; *Wheeler* v. *Ellis,* 56 N.J.L. 28 [27 A. 911]; *Culliford* v. *Weingrad,* 196 Misc. 86 [91 N.Y.S.2d 333, 335-336]; *Continental Bank & Trust Co.* v. *Gedex Realty Corp.,* 60 N.Y.S.2d 710, 712; *Northwestern Loan & Trust Co.* v. *Bidinger,* 226 Wis. 239, 245 [276 N.W. 645]; 22 Cal.L.Rev. 180, 181.) Thus some fair-value statutes apply only if the creditor purchases at the sale. Mich. Laws Comp. § 692.51; Mo. Stat. Ann. (Vernon's) § 443.410; N.C. Gen. Stats. 45-21.36 (Supp. 1961).)

Some courts have limited deficiency judgments to prevent double recoveries in the absence of statute (see *Investors Mortgage & Realty Co.* v. *Preakness Hills Realty Co.,* 133 N.J. Eq. 258 [31 A.2d 830]; *Suring State Bank* v. *Giese,* 210 Wis. 489 [246 N.W. 556, 85 A.L.R. 1477]), but they have not limited such judgments when sought by nonselling junior lienors. (*Hillside Nat. Bank* v. *Silverman,* 116 N.J.Eq. 463 [173 A. 326].) Fair-value statutes no more precisely worded than sections 580a and 726 have been held inapplicable to the nonselling junior lienor (*Alabama Mortgage & Securities Corp.* v. *Chinery,* 237 Ala. 198 [186 So. 136]; *Realty Associates Securities Corp.* v. *Hoblin,* 288 N.Y.S. 875; *Weisel* v. *Hagdahl Realty Co.,* 241 App.Div. 314 [271 N.Y.S. 629, 633-635]), as have other similar deficiency judgment restrictions. (*Cronin* v.

*Gager-Crawford Co.*, 128 Conn. 688 [25 A.2d 652]; *Smith* v. *Mangin*, 161 Misc. 288 [292 N.Y.S. 265, 271]; *Sivade* v. *Smith*, 104 N.J.Eq. 528 [146 A. 364]; *Wheeler* v. *Ellis*, 56 N.J.L. 28 [27 A. 911]; *Carr* v. *Home Owners Loan Corp.*, 148 Ohio St. 533 [76 N.E.2d 389].)

 The position of a junior lienor whose security is lost through a senior sale is different from that of a selling senior lienor. A selling senior can make certain that the security brings an amount equal to his claim against the debtor or the fair market value, whichever is less, simply by bidding in for that amount. He need not invest any additional funds. The junior lienor, however, is in no better position to protect himself than is the debtor. Either would have to invest additional funds to redeem or buy in at the sale. Equitable considerations favor placing this burden on the debtor, not only because it is his default that provokes the senior sale, but also because he has the benefit of his bargain with the junior lienor who, unlike the selling senior, might otherwise end up with nothing.

 Nor is Roseleaf's action barred by section 580b. That section bars any deficiency judgment after sale under a purchase money mortgage or trust deed.[4] Roseleaf would clearly be barred by section 580b from suing on the note secured by the first trust deed and chattel mortgage on the hotel and its furnishings. That note, however, is not involved in this case, and the record discloses no default under it. The issue here is whether the three second trust deeds on land other than that purchased are purchase money trust deeds because they were "given to secure payment of the balance of the purchase price of real property."

 Section 580b was apparently drafted in contemplation of the standard purchase money mortgage transaction, in which the vendor of real property retains an interest in the land sold to secure payment of part of the purchase price. Variations on the standard are subject to section 580b only if they come within the purpose of that section.

*Dobias* v. *White*, 239 N.C. 409, 412 [80 S.E.2d 23], held that a trust deed on land owned by the purchaser, given to

---

[4]Section 580b provides: "No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to secure payment of the balance of the purchase price of real property.

"Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under either one thereof."

secure payment of part of the purchase price of real property, is not a purchase money trust deed within the meaning of an antideficiency statute like section 580b. In that case, however, there was no analysis of the purpose of the applicable statute. Various purposes have been ascribed to section 580b. It has been said that it was designed to prevent creditors from buying in property for a nominal sum, after a debtor has defaulted, and then holding the debtor for the deficiency. (See *Kerrigan* v. *Maloof*, 98 Cal.App.2d 605, 616 [221 P.2d 153]; *Brown* v. *Jensen*, 41 Cal.2d 193, 201 [259 P.2d 425] [dissent].) This purpose, however, is accomplished by the fair-value sections, and does not explain for what purpose purchase money mortgages were singled out for special treatment. It has also been said that the purpose of section 580b is to make certain that in the case of "a purchase money mortgage or deed of trust the security alone can be looked to for recovery of the debt." (*Brown* v. *Jensen*, 41 Cal.2d 193, 198 [259 P.2d 425], quoting from *Mortgage Guarantee Co.* v. *Sampsell*, 51 Cal. App.2d 180, 185 [124 P.2d 353].) This conclusion states the effect of the statute after assuming that it applies, but offers no rationale for deciding whether or not it applies. In *Brown* v. *Jensen*, 41 Cal.2d 193, 197 [259 P.2d 425], it was stated that one reason for section 580b is that the one taking a purchase money trust deed knows the value of his security and assumes the risk that it may become inadequate. Perhaps the average vendor or financier in real estate transactions is more astute as to the value of his land than the average vendee, but it is doubtful whether that was the reason for barring deficiency judgments in purchase-money security transactions.

Section 580b places the risk of inadequate security on the purchase money mortgagee. A vendor is thus discouraged from overvaluing the security. Precarious land promotion schemes are discouraged, for the security value of the land gives purchasers a clue as to its true market value. (See Currie & Lieberman, *Purchase-Money Mortgages and State Lines: A Study in Conflict-of-Laws Method*, 1960 Duke L.J. 1, 33-34, 39-40.) If inadequacy of the security results, not from overvaluing, but from a decline in property values during a general or local depression, section 580b prevents the aggravation of the downturn that would result if defaulting purchasers were burdened with large personal liability. Section 580b thus serves as a stabilizing factor in land sales.

There is no indication in the present case that the hotel was overvalued. The purchaser will not lose the property

he purchased yet remain liable for the purchase price. To apply section 580b here would mean that the Chierighinos would acquire the hotel at less than the agreed price. Furthermore, if there is any merit in the theory that ''the vendor knows the value of his security and assumes the risk of its inadequacy,'' that theory does not apply here. There is no reason to assume that Roseleaf had any greater knowledge of the value of the Chierighinos' land than did the Chierighinos.

■■■■ Section 580d does not bar Roseleaf's action. That section provides that ''No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property hereafter executed in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in such mortgage or deed of trust.'' This language is similar to that in sections 580a and 726. ''[S]uch mortgage or deed of trust'' refers to the instrument securing the note sued upon. Thus section 580d does not appear to extend to a junior lienor whose security has been sold out in a senior sale.

The purpose of section 580d is apparent from the fact that it applies if the property is sold under a power of sale, but not if the property is foreclosed and sold by judicial action. Before the section was enacted in 1939 (Stats. 1939, ch. 586, p. 1991), it was to the creditor's advantage to exercise a power of sale rather than to foreclose by judicial action. His right to a deficiency judgment after either was the same (Code Civ. Proc., §§ 580a, 726), but judicial foreclosure was subject to the debtor's statutory right of redemption (Code Civ. Proc., § 725a), whereas the debtor had no right to redeem from a sale under the power. (Code Civ. Proc., §§ 700a, 701; *Roberts* v. *True*, 7 Cal.App. 379, 381 [94 P. 392].) ■■■■ It seems clear, as Professor Hetland, amicus curiae herein, contends, that section 580d was enacted to put judicial enforcement on a parity with private enforcement. This result could be accomplished by giving the debtor a right to redeem after a sale under the power. The right to redeem, like proscription of a deficiency judgment, has the effect of making the security satisfy a realistic share of the debt. (See *Salsbery* v. *Ritter*, 48 Cal.2d 1, 11 [306 P.2d 897].) By choosing instead to bar a deficiency judgment after private sale, the Legislature achieved its purpose without denying the creditor his election of remedies. If the creditor wishes a deficiency judgment, his sale is subject to statutory redemption rights. If he wishes a sale resulting in nonredeemable title, he must forego the right

to a deficiency judgment. In either case the debtor is protected.

The purpose of achieving a parity of remedies would not be served by applying section 580d against a nonselling junior lienor. Even without the section the junior has fewer rights after a senior private sale than after a senior judicial sale. He may redeem from a senior judicial sale (Code Civ. Proc., § 701), or he may obtain a deficiency judgment. (*Savings Bank* v. *Central Market Co.*, 122 Cal. 28 [54 P. 273] ; *Giandeini* v. *Ramirez*, 11 Cal.App.2d 469 [54 P.2d 91] ; see *Brown* v. *Jensen*, 41 Cal.2d 193, 196 [259 P.2d 425].) After a senior private sale, the junior has no right to redeem. This disparity of rights would be aggravated were he also denied a right to a deficiency judgment by section 580d. There is no purpose in denying the junior his single remedy after a senior private sale while leaving him with two alternative remedies after a senior judicial sale. The junior's right to recover should not be controlled by the whim of the senior, and there is no reason to extend the language of section 580d to reach that result.

The judgment is affirmed.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.