958 F.2d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DIAMOND BENEFITS LIFE INSURANCE COMPANY, an Arizona
corporation in receivership, by and through Lawrence J.
Warfield, Special Deputy Receiver for Diamond Benefits Life
Insurance Company, Plaintiff-Appellant,
v.
ONE HUNDRED THIRTEEN CORPORATION; Jarrell Ormand; Ticor
Title Insurance Company of California,
Defendants-Appellees.
DIAMOND BENEFITS LIFE INSURANCE COMPANY, an Arizona
corporation in receivership, by and through Lawrence J.
Warfield, Special Deputy Receiver for Diamond Benefits Life
Insurance Company, Plaintiff-Appellee,
v.
ONE HUNDRED THIRTEEN CORPORATION, Defendant-Appellant.
 Nos. 91-55142, 91-55272.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1992.
Decided March 25, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case addresses whether a mortgagee of two secured notes may seek a money judgment on the subordinate note when its foreclosure on the prior note renders worthless the subordinate note's security. In No. 91-55142, Diamond Benefits Life Insurance Company (Diamond) appeals the denial of its motion to file a second amended complaint. In No. 91-55272, One Hundred Thirteen Corporation appeals a money judgment on the subordinate note. We have jurisdiction over both appeals.
 
 
 3
 Foreclosure on the prior note's security occurred before oral argument. As a result, Diamond no longer seeks to amend its complaint. The parties stipulated to a dismissal of No. 91-55142 with prejudice. We affirm the district court's money judgment in No. 91-55272.
 
 
 4
 * On December 31, 1987, Hilltop Developers, Inc. (Hilltop) executed a $12,000,000 note and One Hundred Thirteen executed a related deed of trust. Diamond eventually became the assignee of this secured debt (the first note). On June 14, 1988, One Hundred Thirteen executed in favor of Diamond a $1,500,000 note and a related deed of trust (the second note). At one time Wayne Reeder controlled all of these entites either directly or through parent corporations. No payments were ever made on either of the notes. Diamond is now in receivership and controlled by a special deputy receiver. Diamond sought foreclosure and deficiency on the two notes and security.
 
 
 5
 The district court held trial on October 16, 1990, and rendered judgment on November 6, 1990.[1] The judgment ordered foreclosure on the first note and its trust deed, and decreed that the foreclosure sale would terminate any right to foreclosure under the second note and its trust deed. It stated that Diamond had no right to a deficiency against One Hundred Thirteen under the first note.[2] Because the foreclosure on the first note would likely exhaust the security, the court held One Hundred Thirteen liable on the second note for a money judgment, subject to the fair value provisions of Cal.Civ.Proc.Code § 580a. ER 63.
 
 II
 
 6
 We review questions of law de novo and findings of fact for clear error. United States v. McConney, 728 F.2d 1195 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 7
 California requires a two stage proceeding when a creditor seeks to recover on a debt secured by real property.[3] First, the creditor obtains a foreclosure decree and a determination of the debtor's liability for a deficiency. Second, the court determines the amount of the deficiency. Cal.Civ.Proc.Code § 726; 3 B.E. Witkin, Summary of California Law § 156, at 656 (9th ed.1987). "The purposes of the provision are to require exhaustion of the security and to protect the mortgagor from duplication of suits." 3 B.E. Witkin, § 111, at 614. Foreclosure is not required if "a junior lien becomes valueless[4] by reason of prior encumbrances in an amount greater than the value of the property." Id. § 117. The "sold-out junior lienor" exception to section 726's "one form of action" rule recognizes the folly of forcing a junior lienor to foreclose when its security no longer exists. Roseleaf Corp. v. Chierighino, 59 Cal.2d 35, 378 P.2d 97, 99, 27 Cal.Rptr. 873 (1963).
 
 
 8
 One Hundred Thirteen claims that a recent case indicates otherwise. In Pacific Valley Bank v. Schwenke, 189 Cal.App.3d 134, 234 Cal.Rptr. 298, 300 (1987), Schwenke and O'Brien were joint debtors on a business note secured by O'Brien's property. Without obtaining Schwenke's consent, the mortgagee reconveyed the security to O'Brien pursuant to some transactions with O'Brien individually. The court held that the mortgagee could not collect the note personally from Schwenke. The mortgagee could not circumvent section 726 by divesting itself of its security without Schwenke's consent. Id. at 301.
 
 
 9
 Both Roseleaf and Schwenke derive from the theory that the debtor contracts to pay his deficiency. See Giandeini v. Ramirez, 11 Cal.App.2d 469, 54 P.2d 91, 93 (1936). The fair value provisions of sections 580a and 726 ensure that a creditor does not purchase at foreclosure for an artificially deflated price and then obtain a double recovery by pursuing a large deficiency. Roseleaf, 378 P.2d at 99. The fair value provisions do not apply to the sold-out junior lienor because he cannot assure that the security will bring its fair market value at the foreclosure sale. Because either the debtor or the junior lienor would have to invest additional funds to redeem or buy in at the sale, the junior lienor may step outside of the foreclosure process and merely sue on the note. Id. at 100.
 
 
 10
 Diamond is a junior lienor on the second note. The foreclosure on the first deed of trust will render its security worthless. One Hundred Thirteen's attempt to equate Diamond's foreclosure on the first note with the mortgagee's reconveyance in Schwenke is unconvincing.
 
 
 11
 We wholeheartedly endorse the district court's remedy, which clearly effects the purposes of the one form of action rule. Diamond must pursue its security first (on the first note), and only then may it seek a deficiency. On the second note, the deficiency takes the form of a personal action because foreclosure on the first deed of trust will render worthless the second note's security. Unlike Roseleaf, however, the junior lienor controls the foreclosure sale. The district court sensibly addressed this deviation from Roseleaf 's fact pattern by affording One Hundred Thirteen the protection of the fair value statutes. Cf. Roseleaf, 378 P.2d at 100 (not applying fair value statutes because third party controlled whether security brought fair value at foreclosure sale).
 
 III
 
 12
 The notes and deeds of trust entitle Diamond to costs and attorneys' fees. ER 39 at 4 (pretrial conference order items 5(g), (j)).
 
 IV
 
 13
 Pursuant to the parties' stipulation, No. 91-55142 is dismissed with prejudice.
 
 
 14
 The district court's money judgment on the second note is affirmed.
 
 
 15
 Attorneys' fees should be awarded to Plaintiff-Appellant upon compliance with Cir.Rule 39-1.6.
 
 
 16
 DISMISSED in part and AFFIRMED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 In a memorandum filed November 6, 1990, One Hundred Thirteen opposed being subjected to a money judgment. The memorandum arrived after Judge Hill signed the judgment. The clerk entered judgment on November 7, 1990. The district court denied One Hundred Thirteen's motion to revise the judgment on the alternative grounds that it was neither timely nor correct on the merits. We will consider the merits of One Hundred Thirteen's appeal because One Hundred Thirteen objected to the contents of the judgment before it was final. See Fed.Rs.Civ.P. 58, 79(a) (judgment effective when entered by clerk)
 
 
 [2]
 Hilltop was the obligor on the first note. Diamond neglected to name Hilltop as a defendant. Our dismissal of No. 91-55142 precludes any further effort by Diamond to include Hilltop in this action
 
 
 [3]
 As California's foreclosure procedure clearly affords substantive rights, we bypass any Erie concerns
 
 
 [4]
 "If [the mortgagee] accepted property as security with knowledge of its insufficiency, and it did not decrease in value prior to suit, a personal action is improper." 3 B.E. Witkin, § 117. One Hundred Thirteen did not invoke this rule. Even if it had, Reeder's complete control over the transaction estops One Hundred Thirteen from asserting Diamond's knowledge of the security's insufficiency