WESTERN FARM CREDIT BANK,
successor by merger to the
Federal Land Bank of Sacramento,
a federally chartered instrumentality
under the Farm Credit Act of 1971,
*Appellant,*

*v.*

Douglas CAMPBELL,
aka G. Douglas Campbell, and Pamela Campbell,
aka Pamela D. Campbell, husband and wife,
United States National Bank of Oregon, N.A.,
and The Federal Land Bank of Spokane, a corporation,
predecessor by merger to Farm Credit Bank of Spokane,
*Respondents.*

(91-09-10136E; CA A75757)

861 P2d 1041

Howard G. Arnett argued the cause for appellant. With him on the briefs were Brian L. Gingerich and Karnopp, Petersen, Noteboom, Hubel, Hansen & Arnett.

A. Duane Pinkerton, II, argued the cause for respondents Douglas Campbell and Pamela Campbell. With him on the brief was Sellar, Hazard, Snyder, Kelly & Fitzgerald.

No appearance by respondent United States National Bank of Oregon, N.A.

No appearance by respondent The Federal Land Bank of Spokane.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff appeals from a summary judgment for Douglas and Paula Campbell (defendants). ORCP 47C. Plaintiff asserts that the trial court improperly applied California anti-deficiency statutes when it concluded that plaintiff could not foreclose a mortgage on defendants' Oregon property. We agree and reverse.

It is undisputed that defendants borrowed $652,000 from plaintiff to purchase a ranch in California (the California property). The loan was secured by a trust deed on the ranch. In the fall of 1987, after defendants defaulted on the note, plaintiff began a judicial foreclosure action in California. Before the foreclosure action was completed, defendants and plaintiff agreed that plaintiff would not take further action to foreclose until January 1, 1989.

Defendants also own a ranch in Oregon (the Oregon property). As additional security for the $652,000 note, and in consideration of plaintiff's promise to forebear foreclosing the trust deed on the California property, defendants gave plaintiff a mortgage on the Oregon property. On January 1, 1989, defendants again defaulted. On May 15, 1991, plaintiff nonjudicially foreclosed on its trust deed on the California property. It purchased the property at the trustee's sale for $755,000. The proceeds from the sale, as well as all of the payments defendants made before the foreclosure, were applied to the outstanding debt. However, there was still an outstanding balance. Plaintiff then filed this action in Oregon to foreclose defendants' interest in the Oregon property.

Plaintiff moved for summary judgment. The trial court denied the motion, concluding that, under California law, plaintiff's attempt to foreclose defendants' interest in the Oregon property violated California's anti-deficiency statutes. Defendants then moved for summary judgment and the court granted it. Plaintiff assigns that ruling as error.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). There is no genuine issue of fact that is material to the

summary judgment motion.[1] Therefore, we determine whether defendants were entitled to judgment as a matter of law.

■ ■   The parties agree that California law applies. A deficiency judgment is a personal judgment against the debtor for the difference between the debt and the proceeds received by the creditor from the sale of the security at a judicial or nonjudicial foreclosure sale. *Coppola v. Superior Court*, 211 Cal App 3d 848, 866, 259 Cal Rptr 811 (1989); *Brown v. Jensen*, 41 Cal 2d 193, 198, 259 P2d 425 (1953). The issue in this case is whether plaintiff's attempt to foreclose on defendants' interest in the Oregon property is prohibited as a deficiency judgment under either section 580b or 580d of the California Code of Civil Procedure.[2]

In California, as in most states, a creditor's right to enforce a debt secured by a trust deed or mortgage on real property is restricted by statute. California Code of Civil Procedure, section 580a,[3] provides that, in the event of a foreclosure sale, the creditor must obtain the fair market value of the security. If the creditor sells the property for less than its fair market value, any deficiency judgment is limited to the difference between the property's fair market value and the amount of the outstanding debt. Section 580b[4] bars a

---

[1] Defendants dispute the amount of their outstanding debt. However, that was not an issue in the summary judgment motion.

[2] The trial court based its decision on section 580b of the California Code of Civil Procedure. Defendants' arguments at the summary judgment proceeding were on the basis of both sections 580b and 580d. We address the applicability of both code sections in our opinion.

[3] Section 580a provides, in part:

"Whenever a money judgment is sought for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, * * * [t]he court may render judgment for not more than the amount by which the entire amount of the indebtedness due at the time of sale exceeded the fair market value of the real property or interest therein sold at the time of sale * * *."

[4] Section 580b provides, in part:

"No deficiency judgment shall lie in any event after a sale of real property or an estate for years therein for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for years therein, or under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which

deficiency judgment after the sale of real property secured by a purchase money mortgage or trust deed. That section places the risk of inadequate security on the vendor, thus discouraging the overvaluing of the security. *Roseleaf Corporation v. Chierighino*, 59 Cal 2d 35, 42, 378 P2d 97 (1963). Section 580d[5] prohibits deficiency judgments on notes secured by trust deeds or mortgages where the property is sold under a nonjudicial power of sale. If the creditor seeks a deficiency judgment, the sale is subject to statutory redemption rights. If the creditor pursues a private sale, the creditor must forgo the right to a deficiency judgment. 59 Cal 2d at 43.

Therefore, when a debtor defaults, the creditor has a choice of three remedies: (1) a personal judgment in the full amount of the debt; (2) nonjudicial foreclosure through the power of sale under the trust deed or mortgage; or (3) judicial foreclosure. *Coppola v. Superior Court, supra*, 211 Cal App 3d at 866. If the creditor chooses to foreclose, the creditor must rely on the security before enforcing the debt. If the security is insufficient, the right to a deficiency judgment may be limited by sections 580a, 580b, 580d, or 726 of the California Code of Civil Procedure.[6] *Guild Mortg. Co. v. Heller*, 193 Cal App 3d 1505, 1510, 239 Cal Rptr 59 (1987).

In *Hatch v. Security-First Nat. Bank of Los Angeles*, 19 Cal 2d 254, 120 P2d 869 (1942), the California Supreme Court considered section 580a. There, a bank had made a series of loans to the executor of an estate, secured by a trust deed. The bank also had made several unsecured loans to the decedent's children, which the children personally guaranteed. After the bank gave notice of default on the executor's note and brought actions against the children on their individual guarantees, the parties reached an agreement that the

---

was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser.''

[5] Section 580d provides, in part:

"No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property or an estate for years therein hereafter executed in any case in which the real property or estate for years therein has been sold by the mortgagee or trustee under power of sale contained in the mortgage or deed of trust.''

[6] Sections 580a and 726 are not at issue in this case.

bank would defer the sale of the estate's property. The bank also agreed to release the children from further personal liability on their individual loan guarantees. In return, the children executed trust deeds on real property owned by them individually as additional security for the existing indebtedness of the estate and for any further loans.

When the estate's real and personal property was sold at a trustee's sale, the proceeds were applied to the amount then due. However, an unpaid balance remained. The bank then sold the real property covered by the children's individual trust deeds and applied the proceeds to the remaining debt. The children filed quiet title actions, asserting that the sale of the real property was an improper attempt to secure a deficiency judgment. 19 Cal 2d at 255.

The court concluded that the language of section 580a[7] did not indicate any legislative intent to protect "property which is only secondarily liable as security for the principal obligation." 19 Cal 2d at 261. It determined that the creditor's sale of the children's individual real property was a proper resort to additional security. 19 Cal 2d at 261. *Hatch*, then, stands for the proposition that, in situations in which a note is secured by a trust deed and other security, the creditor has the right to exhaust the additional security.

In a later case, the court concluded that the *Hatch* rule applied to section 580d. In *Freedland v. Greco*, 45 Cal 2d 462, 289 P2d 463 (1955), the defendant purchased a liquor business. He paid part of the purchase price in cash and secured the balance with two promissory notes, representing only one obligation. One note was secured by a chattel mortgage on equipment, the other was secured by a second trust deed on real property. After the defendant defaulted, the trustee sold the real property. Next, the plaintiffs brought an action to foreclose the chattel mortgage and for a deficiency judgment. The court concluded that the plaintiffs could exhaust their security under both notes, but that they could not recover a deficiency judgment. Thus, the court affirmed the right of creditors under section 580d to exhaust *all* of their security. 45 Cal 2d at 464. Similarly, California courts apply the *Hatch* rule to section 580b. *See, e.g., Mortgage*

---

[7] Section 580b did not apply in *Hatch*, because it had not yet been enacted.

*Guarantee Co. v. Sampsell*, 51 Cal 2d 180, 124 P2d 353 (1942).

■      Defendants argue that *Hatch* does not apply to this case, because *Hatch* did not involve a purchase money agreement. Defendants also argue that, in situations involving purchase money trust deeds where creditors are allowed to pursue additional security, California cases require that the additional security must be pledged at the time of the execution of the original note and trust deed.[8] We disagree with both arguments. California courts apply both the rule and analysis of *Hatch* to sections 580b and 580d. No California cases distinguish *Hatch* in order to refuse a creditor the right to pursue additional security involving a purchase money mortgage or trust deed. Although defendants correctly conclude that no California cases are identical to this case, they cite no authority for the proposition that the timing of the acquisition of additional security affects the creditor's right to exhaust that security. The mortgage on the Oregon property is "additional security" squarely within the *Hatch* rule and may properly be foreclosed by plaintiff.

Defendants also argue that plaintiff's action to foreclose the mortgage on the Oregon property is an attempt to circumvent the anti-deficiency statutes. Although "the proscriptions of [the statutes] cannot be avoided through artifice," we find no such artifice here.[9] *Passanisi v. Merit McBride Realtors, Inc.*, 190 Cal App 3d 1496, 1508, 236 Cal Rptr 59 (1987). Defendants executed a forbearance agreement with plaintiff, pledging the Oregon property as additional security for the note secured by the purchase money trust deed on the California property, in exchange for plaintiff's promise to postpone foreclosure proceedings. Defendants chose to put their Oregon property at risk by executing

---

[8] Defendants do not dispute that a creditor can foreclose on additional security pledged simultaneously with the primary security.

[9] Several California cases reject attempts by creditors to subvert the purposes of sections 580b and 580d. *See, e.g., W. Sec. Bank, N.A. v. Beverly Hills*, 16 Cal App 4th 474, 20 Cal Rptr 2d 318 (1993); *Commonwealth Mortgage Assurance Co. v. Superior Court*, 211 Cal App 3d 508, 259 Cal Rptr 425 (1989); *Union Bank v. Gradsky*, 265 Cal App 2d 40, 71 Cal Rptr 64 (1968). However, those cases all involve security given or payable by third parties whose rights and duties were affected by the creditor's election of remedies. No similar situation exists in this case.

the agreement. Plaintiff is not seeking a personal money judgment against them.

We conclude that the California anti-deficiency statutes do not apply in this case, and that plaintiff's foreclosure action affecting the Oregon property did not result in a deficiency judgment within the meaning of sections 580b and 580d of the California Code of Civil Procedure. That conclusion is consistent with the purposes of sections 580b and 580d.[10] There is no suggestion that the California property was overvalued or that plaintiff purchased the property at the trustee's sale at a deflated value. Plaintiff acknowledges that the anti-deficiency statutes will protect defendants against any personal judgment after the Oregon property is sold.

Finally, defendants argue that *Palm v. Schilling*, 199 Cal App 3d 63, 244 Cal Rptr 600 (1988), applies in this case. In *Palm*, the issue was whether the defendant could contractually waive the protection of section 580d after obtaining a purchase money mortgage. Because we hold that plaintiff's foreclosure of the mortgage on the Oregon property falls outside the scope of the anti-deficiency statutes, we do not reach the issue of waiver.

Reversed and remanded.

---

[10] California's deficiency judgment legislation was revamped during the years of the great depression to protect debtors who lost property through foreclosure. *Cornelison v. Kornbluth*, 15 Cal 3d 590, 600, 542 P2d 981 (1975). The primary purpose of section 580b is "in the event of a depression in land values, to prevent the aggravation of the downturn that would result if defaulting purchasers lost the land and were burdened with *personal liability.*" *Bargioni v. Hill*, 59 Cal 2d 121, 123, 378 P2d 593 (1963). (Emphasis supplied.) Section 580d "was enacted to put judicial enforcement on a parity with private enforcement." *Roseleaf Corporation v. Chierighino, supra*, 59 Cal 2d at 43. Because creditors must either give debtors the right to redeem at a judicial sale or forego the right to a deficiency judgment in a nonjudicial sale, debtors are protected from being burdened by a double recovery. 59 Cal 2d at 43.