In re Grace Ethel BEEN, Debtor.

CALIFORNIA CENTRAL TRUST BANK-CORP, Trustee FBO Michael P. Nelson, Trustee FBO John L. McClellan, Appellants,

v.

Grace Ethel BEEN, Appellee.

No. 97–55486.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 5, 1998.

Decided Aug. 31, 1998.

As Amended Nov. 4, 1998.

Kenneth L. McDonald, Oxnard, CA, for appellants.

Ivan Trahan, San Diego, CA, for appellee.

Before: FLETCHER, THOMPSON, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

## OVERVIEW

California Central Trust Bank Corporation (CCTB), the holder of a $79,500 promissory note secured by a deed of trust on nonresidential real property of Chapter 7 debtor Grace E. Been, timely appeals from the order of the Bankruptcy Appellate Panel affirming the bankruptcy court's order that Been could avoid all but $7,777 of CCTB's judgment lien on Been's residence under 11 U.S.C. § 522(f). CCTB was a sold out junior lienholder in Been's nonresidential real property when the senior lien holder conducted a nonjudicial foreclosure on the property and there were no funds to pay CCTB. The bankruptcy court concluded that CCTB's subsequent default judgment against Been in a state action seeking judgment on the promissory note created a judicial lien on Been's residence, which could be avoided in bankruptcy. We affirm.

## FACTS AND PRIOR PROCEEDINGS

The material facts are not in dispute. On August 7, 1991, the debtor Grace Been and a third party executed a promissory note for $79,500 with Community Group Funding (CGF). The promissory note was secured by a deed of trust encumbering the nonresidential real property in Ventura County, California. The property was already subject to a deed of trust held by Citibank. CGF conveyed the beneficial interests under the note and deed of trust to CCTB by way of a validly recorded assignment on August 8, 1991. In September, 1992, Citibank foreclosed on its senior deed of trust encumbering the property. As a result of Citibank's credit bid at the nonjudicial foreclosure sale, there was no surplus for distribution to CCTB.

Thus, CCTB became what is commonly referred to as a "sold out" junior lienholder.

In January, 1993, CCTB brought an action in state court to recover the amount owed on the promissory note. A default judgment in the amount of $111,205.83 was entered against Been, which CCTB recorded with the County Recorder's office for Ventura County on February 23, 1993. CCTB thereby obtained a judgment lien against Been's residence.

In March, 1995, Been filed for bankruptcy under chapter 7. On her Schedule C, she claimed a $100,000 homestead exemption for her residence under Cal.Civ.Proc.Code. § 704.730 (West 1995). In June, 1995, Been filed a motion to avoid the CCTB judgment lien on her residence pursuant to 11 U.S.C. § 522(f). CCTB opposed the motion, arguing that section 522(f)(2)(C) excepted its lien from avoidance and that Been had misstated the fair market value of her home. The bankruptcy court determined the value of Been's residence to be $154,000 and found that all but approximately $7,800 of CCTB's lien impaired Been's exemption.[1] Thus, Been could avoid all but that amount of CCTB's lien; the balance remained an enforceable lien on Been's property. CCTB appealed the decision to the Bankruptcy Appellate Panel on February 2, 1996. On February 27, 1997, the Bankruptcy Appellate Panel affirmed the Bankruptcy Court. CCTB timely filed its Notice of Appeal on March 21, 1997.

## STANDARD OF REVIEW AND CHOICE OF LAW

■ We review decisions of the Bankruptcy Appellate Panel de novo. *In re Fischer*, 116 F.3d 388, 390 (9th Cir.1997). We independently review the bankruptcy court's rulings on appeal from the Bankrupt-

---

1. Following the formula laid out in section 522(f)(2)(A), the court deducted Been's homestead exemption of $100,000, an unpaid balance of approximately $39,000 on Been's first deed of trust with Wells Fargo Bank, and roof repairs of $7,500. The parties do not question the computations under the formula. CCTB's argument is that the homestead exemption cannot be used to diminish its lien.

cy Appellate Panel. *In re Saylor*, 108 F.3d 219, 220 (9th Cir.1997). The bankruptcy court's interpretation of the Bankruptcy Code is reviewed de novo. *In re Federated Group, Inc.*, 107 F.3d 730, 732 (9th Cir.1997). In bankruptcy actions, "the federal courts decide the merits of state exemptions, but the validity of the claimed state exemption is controlled by the applicable state law." *In re Goldman*, 70 F.3d 1028, 1029 (9th Cir.1995).

## ANALYSIS

■ Section 522 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (West 1998), allows debtors to protect certain property from creditor claims by exempting that property from the estate. 11 U.S.C. § 522. Section 522(f)(1) provides that "the debtor may avoid the fixing of a lien on an interest of the debtor in the property to the extent that such lien impairs a [homestead] exemption ..., if such lien is—(A) a judicial lien." 11 U.S.C. § 522(f)(1). Section 522(f)(2) sets forth the formula, applied by the Bankruptcy Court, to determine whether a lien impairs an exemption:

> (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> i. the lien;
>
> ii. all other liens on the property; and
>
> iii. the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

However, section 522(f)(2)(C) provides that "[t]his paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure." The Bankruptcy Appellate Panel held that CCTB, as a junior lienholder whose deed of trust was extinguished by the foreclosure sale and who thereafter obtained a judgment on the remaining unsecured note did not possess a "judgment arising out of a mortgage foreclosure" within the meaning of § 522(f)(2)(C). On appeal, CCTB argues that its judgment lien against Been's house arose out of a mortgage foreclosure because it resulted from the foreclosure of a different property in which it held a junior deed of trust as security for a promissory note.

■ The "savings clause" in section 522(f)(2)(C) was enacted along with the lien impairment formula in section 522(f)(2)(A) as part of the Bankruptcy Reform Act of 1994.[2] In all cases of statutory construction, "[t]he plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (citations, quotations, and alterations omitted). Thus, the issue is whether the plain meaning of "judgment arising out of a mortgage foreclosure" encompasses CCTB's judgment lien. CCTB argues that if not for Citibank's mortgage foreclosure, it would not have obtained the judgment lien. Therefore, according to CCTB, its judgment lien arose out of a mortgage foreclosure. However, under California law, CCTB's lien was extinguished through Citibank's foreclosure sale. Under California law, sold-out junior lien holders such as CCTB are permitted to bring an independent action on the underlying promissory note for the balance that the debtor still owes after the senior lienholder's foreclosure sale. *See Roseleaf Corp. v. Chierighino*, 59 Cal.2d 35, 27 Cal.Rptr. 873, 378 P.2d 97 (1963). A suit on the deficiency by a sold-out junior lienholder "is a suit on the note without regard to the deed or the location of the property." *See Consolidated Capital Income v. Khaloghli*, 183 Cal.App.3d 107, 227 Cal.Rptr. 879, 882 (1986). CCTB's lien is a judicial lien based upon a default judgment taken from the suit on the note and complaint for money damages. It does not come within the protections of 11 U.S.C. § 522(f)(2)(C).

As stated succinctly by the Bankruptcy Appellate Panel in its order: "The non-judicial foreclosure sale by Citibank, the senior lien holder, terminated CCTB's secured interest in Been's property and, therefore, any remaining rights which might 'arise out of' the foreclosure proceeding. Because

---

**2.** Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 303, 108 Stat. 4107, 4132 (1994);

H.R.Rep. No. 103–385, 103rd Cong., 2d Sess. 37, *reprinted in* 1994 U.S.C.C.A.N. 3340, 3345–46.

CCTB's judgment lien arose out of an independent action on the promissory note, section 522(f)(2)(C) is inapplicable."

### CONCLUSION

We agree with the reasoning of the Bankruptcy Appellate Panel and accordingly affirm the judgment of the bankruptcy court.

AFFIRMED.