[Civ. No. 7645.   Fourth Dist., Div. One.   Feb. 25, 1966.]

BERNARD SOSNA, Plaintiff and Respondent, v. EDWARD BARANOV, Defendant and Appellant.

Rubin, Seltzer & Solomon and Robert Caplan for Defendant and Appellant.

Yale, Wilson, Summers & Yale and William A. Yale for Plaintiff and Respondent.

CONLEY, J.*—One of the defendants, Edward Baranov, appeals from a judgment for $12,263.12, besides interest, attorneys' fees and costs, in favor of the plaintiff; the principal sum is the balance due on a promissory note executed by Louis M. Barrack, Julia Barrack, and Edward Baranov. The judgment was against all three; the Barracks defaulted and the judgment is final as to them. ■ Edward Baranov alone argues two points for a reversal, claiming that the promissory note in question is secured by a purchase-money second deed of trust and that, by reason thereof, no deficiency judgment may be obtained; he also urges that as an accommo-

*Assigned by the Chairman of the Judicial Council.

dation comaker of the note he is protected from personal liability by reason of the applicable anti-deficiency legislation.

The essential portion of section 580b of the Code of Civil Procedure, which was in existence at the time the note was executed and at the time of the trial provided: ''No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to secure payment of the balance of the purchase price of real property.''[1]

If, factually, the note secured by the deed of trust was not given in part payment of the purchase price of the real property, judgment for plaintiff should be affirmed; that is the conclusion which we have reached.

On November 30, 1956, Elizabeth Sosna, the plaintiff's assignor, sold lots 7, 11 and 12 of Middletown in San Diego to Walter and Marlene Jackson. She was given a note for $5,000 and a trust deed to secure it which encumbered lot 7, a second promissory note for $8,500 secured by a trust deed on lot 11 and a purchase price deed of trust encumbering lot 12; however, lot 12 is not involved in the present litigation, and it will not be mentioned further.

Walter and Marlene Jackson sold lots 7 and 11 on the 11th day of March 1957, to defendants, Louis Barrack and Julia Barrack. At that time, the Barracks agreed with Elizabeth Sosna that if she would reconvey her first trust deeds encumbering lots 7 and 11 and cancel the promissory notes secured by them, the Barracks would concurrently obtain construction loans secured by new first trust deeds on lots 7 and 11, and would use the proceeds for the improvement of lots 7 and 11. It was further agreed that Elizabeth Sosna would at the same time be given new promissory notes in the total sum of $13,500 executed by the Barracks, together with new second trust deeds encumbering lots 7 and 11; these new second trust deeds would be subordinate in lien to new construction loan first deeds of trust on both lots. Elizabeth Sosna kept her agree-

---

[1]In 1963, the Legislature amended the above quoted portion of section 580b so as to cause such section to provide as follows: ''No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to the vendor to secure payment of the balance of the purchase price of real property, or under a deed of trust, or mortgage, on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of such dwelling occupied, entirely or in part, by the purchaser.''

ment. She cancelled the two notes made November 30, 1956, and reconveyed her two first deeds of trust.

The defendants, Louis Barrack and Julia Barrack, did not perform as agreed; they did execute and deliver new first trust deeds for construction loans of $10,000 against lot 7 and $5,000 against lot 11, but they did not use the proceeds of these loans to improve lots 7 and 11, as promised.

On the 6th day of December 1957, Elizabeth Sosna filed an action against the Barracks in the Superior Court of San Diego County (case No. 220612). Her second and third causes of action were designed to foreclose her new second deeds of trust encumbering lots 7 and 11, and the fourth and fifth causes of action were based on fraud and breach of contract by the Barracks. It was alleged that they had fraudulently induced the agreement and had failed to use the proceeds of the construction loans secured by the first deeds of trust for the improvement of lots 7 and 11, contrary to their contract and to the damage of Miss Sosna.

Before the trial of the action, however, the security of the second deeds of trust on lots 7 and 11 in favor of Elizabeth Sosna was rendered valueless through the institution and completion of a foreclosure of the first deeds of trust on lots 7 and 11.

Thereafter, and while action 220612 was still pending and through an escrow at the Land Title Insurance Company, Louis Barrack and Julia Barrack, who were acquiring title from other parties to lot 17 of Kenilworth Farms in San Diego County, compromised the suit brought by Elizabeth Sosna by inducing her to accept a promissory note in the principal sum of $13,500, secured by a deed of trust on lot 17 of Kenilworth Farms and on other property then owned by the Barracks dated October 22, 1958. At the same time, and as a part of the compromise, the note was signed by appellant, Edward Baranov, as an accommodation comaker; as he did not then own any interest in the Kenilworth Farms lot, he did not join in the execution of the trust deed.

The installments due under the note were paid until July 1, 1961, at which time the balance of principal had been reduced to the figure of $12,263.12. From and after July 1, 1961, the defendants defaulted in the payment of the note, superior encumbrances were foreclosed, and the security set forth in the October 22, 1958, deed of trust was rendered valueless.

The trial judge concluded that the promissory note sued on in this action was not secured by a purchase-money deed of trust, and that the note was given ". . . in compromise of a

then pending lawsuit instituted against them [the Barracks] by Elizabeth Sosna for fraud and breach of contract.'' It is clearly established that the note which forms the basis of this litigation was secured by a deed of trust on land which was not purchased by any of the defendants from Elizabeth Sosna, and it does not appear that the promissory note in question arose from a financial relationship between Miss Sosna and the defendants based on the sale of the real property described in the deed of trust.

If the trust deed had secured a note given for the purchase price of the land described in the trust deed, there could be no successful action to recover the money owed on the note as that would be a situation protected by section 580b of the Code of Civil Procedure as it then existed. (*Freedland* v. *Greco,* 45 Cal.2d 462 [289 P.2d 463].) The case of *Bargioni* v. *Hill,* 59 Cal.2d 121, 123-124 [28 Cal.Rptr. 321, 378 P.2d 593], is cited with relish by the appellant. It involved the following facts: ''Defendant purchased a motel and executed a $5,000 note to plaintiff, who had acted as broker in the transaction. The note was secured by a junior trust deed on the motel. Defendant defaulted on the note and plaintiff sued for the balance due, the security having been lost through a private sale under a senior trust deed.'' In holding that plaintiff was barred from recovery by section 580b the court there said: ''Thus, in accepting defendant's note in payment of the commission, plaintiff extended credit that otherwise would have been extended by the seller. That credit was necessary to the consummation of the sale. The only reasonable inference that can be drawn from this evidence is that plaintiff intended to and did partially finance the purchase.''

The appellant points out that in the *Bargioni* case, the Supreme Court broadened the application of section 580b to provide protection against a third party who had extended credit to the vendee.

Here, the appellant contends that credit was extended to the vendee by the plaintiff, because, as appellant alleges, the complicated escrow by which the present trust deed was ultimately delivered to Elizabeth Sosna, also included the transfer by the Barracks to other parties of lots 7 and 11 of Middletown as to which Miss Sosna had filed a *lis pendens* in her suit against the Barracks; it is argued that because of the *lis pendens,* and the possibility that the court in case numbered 220612 might have given some relief with respect to that title, the conclusion would follow that Miss Sosna was in fact extending credit,

and that this would make the trust deed on lot 17 of Kenilworth Farms a purchase price security. This contention, to our way of thinking, is far-fetched and inapplicable.

The record shows that Elizabeth Sosna reconveyed and cancelled her original first lien deeds of trust, and notes, and that she received completely new notes and trust deeds as subordinate in lien to the construction loan deeds of trust. The consideration for the note and deed of trust of October 22, 1958, was not the sale or purchase of lot 17 of Kenilworth Farms but essentially the compromise of a fraud and breach of contract suit which indirectly involved an earlier and different sale of land; that Elizabeth Sosna was never a vendor or lender for the purpose of purchasing any real property; and that she was not in any manner involved in the acquisition or financing of the real property encumbered by said deed of trust.

The case of *Roseleaf Corp* v. *Chierighino,* 59 Cal.2d 35 [27 Cal.Rptr. 873, 378 P.2d 97], holds that a trust deed securing a note executed by a vendee to the vendor for part of the purchase price, which encumbers property other than the property purchased is not a purchase-money deed of trust. The test to be applied is simply whether the deed of trust is a purchase-price deed of trust and the evidence does not support such a conclusion.

The deed of trust was not given in consideration of the purchase price of the property encumbered nor to finance the acquisition of the encumbered property. The instrument, therefore, is not a purchase-money deed of trust and the makers and comakers do not fall within the protection of the deficiency judgment statute. (Code Civ. Proc., §§ 580b and 580d; *Roseleaf Corp* v. *Chierighino, supra,* 59 Cal.2d 35, 41-44; *Katz* v. *Haskell,* 196 Cal.App.2d 144, 153 [16 Cal.Rptr. 453].)

This conclusion makes it unnecessary to consider the second argument of appellant, namely, whether or not the appellant is released from liability in executing as a comaker what his counsel incorrectly terms a purchase-money deed of trust, and we will not take the space to dispose of this contention, which is no longer applicable. It may be permitted, however, to observe that, if this issue were viable, appellant would have the worst of the argument. (See *Stephenson* v. *Lawn,* 155 Cal. App.2d 669. 671 [318 P.2d 132] ; *Katz* v. *Haskell, supra,* 196 Cal.App.2d 144, 153-155; *Heckes* v. *Sapp,* 229 Cal.App.2d 549, 553 [40 Cal.Rptr. 485] ; Hetland, *Deficiency Judgment Limitations in California—A New Judicial Approach* (1963) 51 Cal.

L.Rev. 1, 23-27; Hetland, *Real Property and Real Property Security: The Well-Being of the Law* (1965) 53 Cal.L.Rev. 151, 159.)

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.