[Civ. No. 33319. Second Dist., Div. Five. Dec. 31, 1969.]

LOUISE BARASH et al., Plaintiffs and Appellants, v.
CHARLES L. WOOD, JR., et al., Defendants and Respondents.

**COUNSEL**

Leo Shapiro for Plaintiffs and Appellants.

Dennis D. Butcher and Charles S. Stevens, Jr., for Defendants and Respondents.

**OPINION**

**AISO, J.**—Plaintiffs appeal from a judgment denying recovery on a promissory note, dated January 17, 1957, secured by a second purchase money trust deed upon improved real property known as the Poinsettia Hotel in Ventura, California, and from an order denying their motion to set aside and vacate said judgment and to enter judgment in their favor.

The case was tried upon a stipulated set of facts to a court sitting without a jury. Plaintiffs, Louise Barash and William Barash, are surviving members of a co-partnership known as the S. P. Barash & Co. (hereafter "the partnership"). On or about January 17, 1957, the partnership sold the Poinsettia Hotel for $46,547.10 to defendants. The property was encumbered with a preexisting deed of trust securing a note payable to Omar E. Price and Alice A. Price, with approximately $33,000 remaining unpaid on the note. As part of the purchase price, defendants executed the note upon which plaintiffs instituted this action, in the principal sum of $8,424.79, making it payable to the partnership or order and securing it with a second purchase money trust deed.

On December 26, 1957,[1] defendants in turn sold the hotel to a Barney H. Barnard. Barnard took the property subject to the two notes and trust deeds previously mentioned, and he executed a third note and trust deed running in favor of the defendants herein in the sum of $5,300.

Defaults in the payments on the Price note occurred and on June 6, 1958,

---

[1]This date is taken from stipulated statement of facts; the findings give the date as December 26, 1967. This date, however, is not material to the issues raised on this appeal.

Omar E. Price and Alice A. Price brought an action for a judicial fore-closure of their first trust deed. All parties to this action, the partnership, and Barnard were among those named as defendants in the foreclosure action and were served with summons and complaint; but none of these parties appeared or answered permitting defaults to be taken against them. Neither the partnership nor the defendants herein took any steps to protect their respective security interests in the property by redeeming the de-linquencies on the note payable to the Prices and secured by the first trust deed. A foreclosure sale was duly held on October 16, 1958; the second trust deed securing the note upon which the plaintiffs herein sued thus became worthless.

Thereafter, on September 29, 1966, plaintiffs filed this action seeking recovery on the note. They sought recovery only on those unpaid install-ments not barred by the statute of limitations.

■ Plaintiffs frankly acknowledge in their brief that if *Brown* v. *Jensen* (1953) 41 Cal.2d 193 [259 P.2d 425], cert. denied 347 U.S. 905 [98 L.Ed. 1064, 74 S.Ct. 430], is still good law the judgment and order from which they appeal must be affirmed. *Brown* held that under section 580b of the Code of Civil Procedure the holder of a note secured by a second purchase money trust deed may not recover even though the second trust deed had become worthless by reason of a sale conducted under the senior first deed of trust. This is the precise situation we have here. Plaintiffs urge, however: (1) *Brown* has been impliedly repealed by the later case of *Rose-leaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35 [27 Cal.Rptr. 873, 378 P.2d 97]; and (2) section 580b, as amended in 1963, has no application to a hotel property which is not a dwelling for not more than four families. We conclude, nevertheless, that neither contention warrants a reversal of the judgment or the order from which plaintiffs have appealed.

In support of their contention that *Brown* has been overruled by *Rose-leaf*, plaintiffs rely heavily upon the two articles by Professor Hetland, in which he advanced this thesis. (Hetland, *Deficiency Judgment Limitations in California—A New Judicial Approach* (1963) 51 Cal.L.Rev. 1, 7-12; and Hetland, *Real Property and Real Property Security: The Well-Being of the Law* (1965) 53 Cal.L.Rev. 151, 159-165.) However, Professor Hetland did concede: "But not only did the court not expressly overrule *Brown,* it impliedly followed *Brown* three weeks later in *Bargioni* v. *Hill* (1963) 59 Cal.2d 121 [28 Cal.Rptr. 321, 378 P.2d 593]." (51 Cal.L.Rev. at p. 11.) Nonetheless he later observed: "The possibility that *Brown* is to be gradually discarded is reinforced by the fact that the court made no effort in *Bargioni* to redeem *Brown,* failing even to cite it or to refer expressly to 580b's ap-plication to a sold-out junior." (51 Cal.L.Rev. at p. 11.) Perhaps it was in response to these observations by Professor Hetland that Chief Justice

Traynor (author of the *Roseleaf* and *Bargioni* opinions) in restating the holding of *Bargioni* in the recent case of *Kistler* v. *Vasi* (1969) 71 Cal.2d 261, 262 [78 Cal.Rptr. 170, 455 P.2d 106], added: "(See also *Brown* v. *Jensen* (1953) 41 Cal.2d 193, 197-198 [259 P.2d 425])," thereby indicating that *Brown* is still alive.

Other courts have held *Brown* to be controlling authority even subsequent to the *Roseleaf* opinion (*Jackson* v. *Taylor* (1969) 272 Cal.App.2d 1, 7 [76 Cal.Rptr. 891]; *Younker* v. *Reseda Manor* (1967) 255 Cal.App. 2d 431, 438 [63 Cal.Rptr. 197]), and we see no reason to take a different view.

■ The 1963 amendment to section 580b is of no assistance to plaintiffs, who stand in the shoes of the vendor partnership to whose order the note and second trust deed ran. Section 580b of the Code of Civil Procedure, as amended by the statutes of 1963, reads:

"No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given *to the vendor* to secure payment of the balance of the purchase price of real property, *or under a deed of trust, or mortgage, on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of such dwelling occupied, entirely or in part, by the purchaser.*

"Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof *if no deficiency judgment would lie under the deed of trust or mortgage on real property.*" (The italicized portions were added by Stats. 1963, ch. 2158, § 1.)

Assuming *arguendo* that the 1963 amendment could be given retroactive effect[2] to the note and trust deed in this case which were executed in 1957 and assuming further that the portion of the statute limiting its application to dwellings of not more than four families excludes the hotel in this case, the plaintiffs still can derive no comfort from the 1963 amendment. Where the note and trust deed are given to the vendor (as distinguished from a lender), the vendee still enjoys the full anti-deficiency immunity of the statute. In *Kistler* v. *Vasi* (1969) *supra,* 71 Cal.2d 261, 263,

[2]A proposition we do not need to decide in this case, although strongly disputed by defendants.

Chief Justice Traynor points this out clearly: "That [1963] amendment expressly distinguishes between lenders of purchase money and vendors and contemplates that the parties to a sale of real property, other than the defined residential property, may freely elect to arrange for the financing of the purchase price in ways that may wholly or in part limit the vendee's protection from deficiency judgments. *If the parties wish to afford full protection to the vendee, they may provide that all security instruments be given to the vendor, in which case subsequent assignees from the vendor would take subject to section 580b.*" (Italics added.)

Here the partnership was the vendor of the hotel property purchased by defendants; the note and the trust deed securing the same ran to the order of the partnership vendor; and the plaintiffs are merely successors in interest of that partnership vendor. Under these circumstances, defendants are fully protected by the first part of section 580b prohibiting any deficiency judgment after any sale of the real property under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of real property.

The judgment and order are affirmed.

Kaus, P. J., and Reppy, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 25, 1970.