[Civ. No. 46465. Second Dist., Div. Two. Nov. 18, 1975.]

SYLVIA E. KRONE, as Co-executrix, etc., et al.,
Plaintiffs and Appellants, v.
HENRY C. GOFF, Defendant and Respondent.

**COUNSEL**

Horowitz, Howard & Bloom and Fred Horowitz for Plaintiffs and Appellants.

John C. Goff for Defendant and Respondent.

**OPINION**

**ROTH, P. J.**—In pertinent part the stipulated facts show that in October of 1969 a sale of real property improved with two two-story buildings

(property) was consummated between Victor E. and Sylvia Krone as vendors and Henry C. Goff as purchaser, and that the Krones received as a substantial part of the purchase price a note for $165,000 payable in monthly installments secured by a purchase money trust deed on the property.

Victor Krone died in 1974. This action, predicated on the theory of waste, was filed in October of 1974 by appellants, executrixes of the estate of Victor E. Krone, and Victor's widow, Sylvia. The complaint alleges that: although the trust deed required Goff to make structural repairs to buildings located on the property which were damaged by the 1971 earthquake, and even though the City of Los Angeles required Goff to make such repairs or to demolish the buildings, Goff did not make repairs, and although the trust deed required Goff to make repairs as a consequence of a fire and to pay taxes, Goff did not repair the fire damage and did not pay property taxes for the years 1971-1974, all to appellants' damage in the approximate sum of $100,000.[1]

There being no dispute on the pertinent facts, the contending parties moved respectively for summary judgment. The court entered judgment for respondent Goff.

Goff's position, adopted by the trial court, is that appellants are limited to one form of action, to wit, sale under the trust deed or foreclosure by judicial sale as required by section 726 of the Code of Civil Procedure, and that since a purchase money trust deed is involved appellants must satisfy their claim from the security involved without deficiency judgment against him. (Code Civ. Proc., § 580b.)

---

[1]The trust deed does not specifically cover repair due to earthquake hazard and does not require earthquake insurance, although it does require fire insurance.

In pertinent part the deed of trust provides:

"1. To maintain said property in good condition and repair; not to remove or demolish any building or improvement thereon; to complete promptly in workmanlike manner any improvement hereafter constructed thereon and to restore promptly in workmanlike manner any improvement thereon which is damaged or destroyed, and to pay when due all costs therefor or in connection therewith; to comply with all laws, ordinances, regulations, covenants, conditions and restrictions affecting the property; not to commit, suffer, or permit any waste thereof . . .

"2. To provide, maintain and deliver to Beneficiary fire, and if required by Beneficiary other, insurance satisfactory to and with loss payable to Beneficiary. . . ." (Appellants neither allege failure to deliver such a policy nor do they allege collection by Goff of any proceeds of such policy if there was one.)

Provision 4 provides that the trustor is to pay all taxes within 10 days before they become delinquent.

■ Appellants assert that the omissions of Goff enumerated above and his failure to cure the same constitute waste; their complaint is for waste (it is so entitled) and that sections 726 and 580b of the Code of Civil Procedure have no application. No authorities are cited, however, which fortify the assumption of appellants that Goff's failure to perform as required by the trust deed does constitute waste. *American Sav. & Loan Assn.* v. *Leeds* (1968) 68 Cal.2d 611 [68 Cal.Rptr. 453, 440 P.2d 933], one of the cases upon which appellants rely, holds to the contrary.

In *Leeds* the court said at page 615: "Even if defendant's agreement to 'keep said property in good condition and repair' and to 'restore . . . any building which may be . . . damaged or destroyed thereon' could reasonably be interpreted to include an obligation to correct the improper fill condition and repair all physical damage caused thereby, section 580b of the Code of Civil Procedure would preclude giving effect to that interpretation. Section 580b prohibits any deficiency judgment after the sale of property under a purchase money mortgage or deed of trust and places the full risk of inadequate security on the purchase money lender. (*Bargioni* v. *Hill* (1963) 59 Cal.2d 121, 123 [28 Cal.Rptr. 321, 378 P.2d 593]; *Roseleaf* v. *Chierighino, supra,* 59 Cal.2d 35, 42 [27 Cal.Rptr. 873, 378 P.2d 97]; *Brown* v. *Jensen* (1953) 41 Cal.2d 193, 197-198 [259 P.2d 425].) To require defendant to correct the condition of the property existing at the time of the sale and to repair the damage to the improvements caused by that condition would shift to him one of the risks that section 580b requires plaintiff to bear."

It is settled, too, that a mortgagor or trustor may, short of excessive and unreasonable acts impairing the security embraced in either instrument of encumbrance, use the property given as security as they please. (3 Witkin, Summary of Cal. Law (8th ed. 1973) Security Transactions in Real Property, § 59, p. 1539.) There is no suggestion in the stipulated facts that there were any unreasonable or tortious acts by Goff which impaired the security.

The earthquake was obviously an act of God. Appellants make no suggestion that Goff was responsible for the fire, nor is there any charge that Goff's failure to pay taxes after 1971 was anything other than a breach of a covenant in the trust deed.

The law does recognize that the holder of a mortgage or the beneficiary of a trust deed may be sued independently of section 726 Code of Civil Procedure for a distinguishable wrong such as injury of the

security by third parties or assert rights in eminent domain proceedings if the security of the encumbrance has been affected[2] or for waste, Civil Code section 2929, but as previously stated, we know of no case which holds that any of Goff's omissions constituted waste.[3]

Failure of respondent to insure and maintain fire insurance and/or earthquake insurance (if it were provided for) would be a breach of those covenants and a breach of either would be a default which would enable the vendor to force a sale in which event if the trust deed or mortgage were a purchase money instrument the vendor would under the law as we understand it be limited to the value of the security embraced in the mortgage or trust deed. (Fn. 2, *ante.*)

In addition to *Leeds,* appellants fortify their reliance upon Civil Code section 1662 with the following citations: 7 Witkin, Summary of California Law (8th ed. 1974) Equity, section 119, page 5338; *Tinker* v. *McLellan* (1958) 165 Cal.App.2d 291 [331 P.2d 464]; *Redevelopment Agency* v. *Maxwell* (1961) 193 Cal.App.2d 414 [14 Cal.Rptr. 170, 89 A.L.R.2d 1070]; *Palos Verdes Properties* v. *County Sanitation Dist. No. 5* (1960) 177 Cal.App.2d 679 [2 Cal.Rptr. 537]; and California Real Estate Secured Transactions (Cont. Ed. Bar) page 306. The above citations are inapposite and *Leeds,* as pointed out, is to the contrary. Waste is a word of art. Conceding there may be a separate action for waste (cf. *Schumacher* v. *Gaines* (1971) 18 Cal.App.3d 994 [96 Cal.Rptr. 223]), *Leeds* specifically holds waste does not embrace a breach of covenant to repair, whether the damage is caused by ordinary wear and tear or an act of God. None of the cases even suggest that the traditional and legal meaning of waste, as that word is used in a mortgage or trust deed, embrace the failure to pay taxes.

Appellants also assert that the Uniform Vendor and Purchaser Risk Act (Civ. Code, § 1662) authorizes an action independent of section 726 since "upon recordation of the grant deed to Goff he became subject to the provision of . . . Civil Code 1662 [and] . . . was also obligated to perform the conditions of the trust deed."

[2]In *American Sav. & Loan Assn.* v. *Leeds* (1968) 68 Cal.2d 611, 614, fn. 1 [68 Cal.Rptr. 453, 440 P.2d 933], the court makes an expository analysis of this facet of a mortgagee's rights and it clearly shows that the stipulated facts at bench do not equate with and are not embraced in a distinguishable wrong which may give rise to an action independent of Code of Civil Procedure section 726.

[3]Cf. Watson, *Impairment of Purchase-Money Security by Disaster and The Antideficiency Legislation: The Sounds of Silence* (1972) 47 L.A. Bar Bull. 146.

Section 1662 of the Civil Code, added in 1947, provides: "Any contract hereafter made in this State for the purchase and sale of real property shall be interpreted as including an agreement that the parties shall have the following rights and duties, unless the contract expressly provides otherwise: (a) If, when neither the legal title nor the possession of the subject matter of the contract has been transferred, all or a material part thereof is destroyed without fault of the purchaser or is taken by eminent domain, the vendor cannot enforce the contract, and the purchaser is entitled to recover any portion of the price that he had paid; (b) If, when either the legal title or the possession of the subject matter of the contract has been transferred, all or any part thereof is destroyed without fault of the vendor or is taken by eminent domain, the purchaser is not thereby relieved from a duty to pay the price, nor is he entitled to recover any portion thereof that he has paid.

"This section shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.

"This section may be cited as the Uniform Vendor and Purchaser Risk Act."

Prior to the enactment of Civil Code section 1662 decisions in this state were not consistent and courts of other states varied as to what was the appropriate legal theory to apply to real property transfers which did not contractually provide for the contingency referred to in section 1662. (*Kelly* v. *Smith* (1933) 218 Cal. 543 [24 P.2d 471].)

■ The above section was intended to and does provide for fixing the loss for the destruction of property by fire, earthquake or other calamity as between vendor and purchaser who execute a contract for sale of real property. That section was not intended to and does not extend or give additional remedial rights to a vendor when the sale embraces a trust deed or mortgage for a default of a purchaser in the covenants of either beyond the rights provided in section 726 and 580b of the Code of Civil Procedure.

We are satisfied that when vendor and purchaser have defined their respective rights in a mortgage or trust deed such rights are construed in

the light of the code sections and case law governing mortgages and trust deed and that Civil Code section 1662 does not enlarge appellants' remedial rights.

The judgment is affirmed.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied December 9, 1975, and appellants' petition for a hearing by the Supreme Court was denied January 14, 1976.