734 P.2d 1040

**Frances M. HANSON, a widow, Plaintiff/Appellee,**

v.

**Donald B. SPEAR, a single man, Defendant/Appellant.**

**No. 2 CA–CV 5862.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 27, 1987.

Review Denied March 25, 1987.

King & Frisch, P.C. by James C. Frisch, Tucson, for plaintiff/appellee.

Donald B. Spear, in pro. per.

OPINION

HATHAWAY, Chief Judge.

This is an appeal from the granting of summary judgment for plaintiff/appellee in a suit to recover on a promissory note.

Appellant, and another person not a party to this appeal, purchased real property from appellee. A promissory note was executed and secured by a deed of trust on residential property different from that sold to appellant.

The promissory note was fully due and payable on or before August 23, 1983, and

contained a provision allowing appellee to sell the security in the event of default. When appellant defaulted on the note, appellee elected to exercise her rights under the deed of trust in accordance with A.R.S. § 33–807. After the required notice and posting, appellee bid her creditor's position at the trustee's sale on December 1, 1983. The trustee, appellee's attorney, executed a trustee's deed conveying the property to appellee. Rather than delivering the deed to appellee, her attorney retained it.

In May 1984, a senior lienholder sold the property at a trustee's sale. At that time, appellee learned that her secured interest had been junior to three secured lienholders. The proceeds of the sale were exhausted by the senior liens and she received nothing.

On June 15, 1984, she filed suit to recover on the promissory note and later amended her complaint to allege fraud and misrepresentation. The court granted appellee's motion for summary judgment on the count seeking recovery on the promissory note and awarded her $27,036, together with her costs and attorney's fees. Pursuant to Rule 54(b), Rules of Civil Procedure, 16 A.R.S., the court directed entry of the final judgment and this appeal followed.

Appellant's main contention is that since appellee proceeded with the sale of the property in accordance with A.R.S. § 33–807, she is barred by her election from maintaining an action on the note. A.R.S. § 33–814(E) provides:

> E. If trust property of two and one-half acres or less which is limited to and utilized for either a single one-family or a single two-family dwelling is sold pursuant to the trustee's power of sale, no action may be maintained to recover any difference between the amount obtained by sale and the amount of the indebtedness and any interest, costs and expenses.

We agree and reverse.

Appellee contends that no binding election was made under A.R.S. § 33–814(E) to sell the property under the trustee's power of sale contained in the Deed of Trust because she did not receive a trustee's deed. However, it is clear from the record and from the deed executed by the trustee that a sale in accordance with A.R.S. § 33–807 was conducted on December 1, 1983. At that time, the trustee executed a deed conveying the property to appellee. After the sale, A.R.S. § 33–811(A) required that the trustee deliver the deed to the purchaser, in this case appellee. The trustee, appellee's attorney, complied with the statute by retaining the deed with appellee's knowledge and obvious concurrence. The deed was executed, delivered to, and held by an agent acting for his principal. The sale of the trust property was complete and appellee, having elected her remedy, is prohibited from maintaining any action against appellant. A.R.S. § 33–814(E).

We have found no Arizona decisions discussing A.R.S. § 33–814(E). The Arizona Supreme Court, however, has discussed a similar statute, § 580b of the California Code of Civil Procedure which prohibits a deficiency judgment when the mortgage or deed of trust was executed for the purchase of real property. In *Catchpole v. Narramore*, 102 Ariz. 248, 428 P.2d 105 (1967), the court looked to a California decision, *Bargioni v. Hill*, 59 Cal.2d 121, 28 Cal.Rptr. 321, 378 P.2d 593 (1963), and held that the statute "obliterates" the debtor's liability. We believe that A.R.S. § 33–814(E) has the same effect.

Appellee argues that the California statute has been interpreted by the courts to apply only in a standard purchase money mortgage transaction and that the courts there have crafted exceptions to the "non deficiency" restriction of § 580b, one of the exceptions being where the deed of trust is secured by property other than that purchased in the transaction. Because that is the situation here, appellee argues that we should create the same exceptions to A.R.S. § 33–814(E). This we refuse to do. The language of § 580b is very different from that of § 33–814(E).[1]

---

1. Section 580b:

No deficiency judgment shall lie in any event

In *Roseleaf Corporation v. Chierighino*, 59 Cal.2d 35, 27 Cal.Rptr. 873, 378 P.2d 97 (1963), the court interpreted § 580b to apply only when the vendor retains an interest in the property sold. Section 33–814(E) is much more expansive than the California statute. It applies whenever there is a trustee's sale. The statute is clear and unambiguous and there is no need for interpretation. Its language must be followed. *Collins v. Stockwell*, 137 Ariz. 416, 671 P.2d 394 (1983). To permit appellee to prevail on her argument that no delivery of the deed occurred and therefore no sale took place, would permit appellee and her attorney to circumvent the statute and frustrate the clear intent of the legislature.

Reversed.

HOWARD, P.J., and FERNANDEZ, J., concur.

after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to the vendor to secure payment of the balance of the purchase price of real property....