Filed 7/21/21 Desimone v. Retirement Board etc. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DANIEL DESIMONE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>RETIREMENT BOARD OF THE SANTA BARBARA COUNTY EMPLOYEES' RETIREMENT SYSTEM,<br><br>    Defendant and Respondent. | 2d Civil No. B307702<br>(Super. Ct. No. 19CV01709)<br>(Santa Barbara County) |

Daniel Desimone appeals from judgment after the trial court denied his petition for writ of mandate, which sought to set aside the decision denying his application for service-connected disability retirement benefits by the Retirement Board of the Santa Barbara County Employees' Retirement System (the Board). We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In 2006, Desimone began working for the County of Santa Barbara (County) as a corrections officer (now custody deputy). In October 2007, Desimone injured his lower back. The incident occurred at a private gym inside an apartment complex on a weekend when Desimone was not working and no other County employees were present. Desimone was attempting to lift 350 pounds without the direction or supervision of a fitness trainer. The injury resulted in permanent damage to his spine. He said that he was lifting weights in hopes of being promoted to Deputy Sheriff.

Desimone continued working as a custody deputy until March 2016. In 2017, he filed an application for disability retirement benefits. Desimone was examined by Drs. Conwisar and Ganjianpour. Both physicians agreed he was permanently incapacitated, but they disagreed on whether his disability was service connected. Dr. Conwisar opined that it was "within reasonable medical probability" that Desimone's work activities contributed to the injury. Dr. Ganjianpour opined that Desimone's disc herniation resulted from the 2007 weight-lifting incident and that his work duties did not "significantly and measurably contribute" to his incapacity. The Board referred the question of whether the disability was service connected to a referee.

At an evidentiary hearing, the referee reviewed medical reports including the reports of Drs. Conwisar and Ganjianpour, employment records, and Desimone's testimony. The referee also considered the opinion of a third physician, Dr. Harter, who found there was no evidence that Desimone's spinal

degeneration accelerated at a rate greater than normal for a man of his size and age.

The referee found that Desimone's weight-lifting injury was not work related and that he "did not carry his burden of proving that his work duties accelerated his injury resulting in permanent incapacity." The Board adopted the referee's recommendation and denied the application for service-connected disability retirement benefits.

Desimone petitioned for review of the Board's decision (Code of Civ. Proc., § 1094.5). He argued pursuant to *Ezzy v. Workers' Comp. Appeals Bd.* (1983) 146 Cal.App.3d 252 (*Ezzy*), that he was entitled to service-connected disability benefits because (1) he believed that his weight-lifting activity was expected by his employer and (2) his belief was objectively reasonable.

The court found Desimone did not carry his burden to show that his disability was service connected. It determined the evidence supported a finding that the off-duty weight-lifting injury was not work related and that his work duties were not a "real and measurable cause of his incapacity."

With respect to *Ezzy*, *supra*, 146 Cal.App.3d 252, the court found that Desimone's reliance on that case was "misplaced" because *Ezzy* was "factually distinguishable." Nonetheless, the court also found Desimone did not establish that his belief that his employer expected him to engage in off-hours weight-lifting activity was objectively reasonable.

## DISCUSSION

Desimone's sole contention on appeal is that the trial court did not properly apply the test set forth in *Ezzy*, *supra*, 146

3

Cal.App.3d 252, to the undisputed facts when it found that his incapacity was not service connected. His contention lacks merit.

Pursuant to the County Employees Retirement Law of 1937 (the CERL) (Gov. Code, § 31450 et seq.), a county employee may be entitled to disability retirement benefits if they have become "permanently incapacitated" for the performance of their work duties as a result of injury substantially arising out of and in the course of their employment. (Gov. Code, § 31720, subd. (a); *Flethez v. San Bernardino County Employees Retirement Assn.* (2017) 2 Cal.5th 630, 635-636.)

The employee has the burden to prove their incapacity is service connected. (*Rau v. Sacramento County Retirement Board* (1966) 247 Cal.App.2d 234, 238.) An employee's incapacity is service connected if there is a "'real and measurable' connection" between the employee's job and his or her incapacitating condition. (*Bowen v. Board of Retirement* (1986) 42 Cal.3d 572, 578.)

We review the trial court's factual findings for substantial evidence, and pure questions of law de novo. (*Alberda v. Board of Retirement of Fresno County Employees' Retirement Assn.* (2013) 214 Cal.App.4th 426, 433-434.) Here, because Desimone's sole contention is whether the court properly applied the *Ezzy* test to the undisputed facts, our review is de novo.[1]

_____

[1] To the extent that Desimone challenges the court's factual findings, he does not meet his burden because he did not designate the administrative record as part of the record on appeal. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) Failure to furnish an adequate record to review the trial court's factual

In *Ezzy*, *supra*, 146 Cal.App.3d 252, the court of appeal held that a worker's compensation claimant injured during a company-sponsored softball game was participating in an activity in the course of her employment. The court interpreted Labor Code section 3600, subdivision (a)(9)[2], which provides that an employer is not liable for an injury where the injury arises out of "voluntary participation in an off-duty recreational, social, or athletic activity not constituting part of the employee's work-related duties, *except* where these activities are a reasonable expectancy of, or are expressly or impliedly required by, the employment." (Labor Code, § 3600, subd. (a)(9), italics added.) The court interpreted the test for a "'reasonable expectancy of employment'" to require that: (1) the employee had a subjective belief that their participation of an off-duty activity is expected by the employer, and (2) such belief was objectively reasonable. (*Ezzy*, at p. 260.) Applying this test, the court of appeal concluded that the claimant's participation in the softball game was an "activity which was a 'reasonable expectancy' of her employment." (*Id.* at p. 263.)

*Ezzy*, *supra*, 146 Cal.App.3d 252, is not controlling authority because it involved a worker's compensation claim under the Labor Code, and not, as here, a claim for service-connected disability retirement benefits under the CERL (Gov. Code, § 31720). (See *Pearl v. Workers' Compensation Appeals Bd.* (2001) 26 Cal.4th 189, 197 [recognizing the Public Employee's Retirement Law and worker's compensation law have

findings requires us to resolve the matter in favor of the judgment. (*Id.* at p. 1296.)

[2] Formerly Labor Code section 3600, subdivision (a)(8).

5

common goals but are distinct legislative schemes].)  The trial court was therefore not required to apply the *Ezzy* test to determine whether Desimone's injury was service connected.

But, even under the *Ezzy* test, Desimone did not prove that his injury was sustained in the course of his employment.  He argues that his subjective belief that the County expected him to participate in heavy weight lifting was objectively reasonable.  We disagree.

In considering whether an employee's belief was objectively reasonable, "we must focus our attention on the specific activity in which the employee was involved when the injury occurred." (*City of Stockton v. Workers' Comp. Appeals Bd.* (2006) 135 Cal.App.4th 1513, 1524 [applying the *Ezzy* test to a worker's compensation claim under Labor Code section 3600].)  The specific activity must have a "substantial nexus between an employer's expectations or requirement" or else the "scope of coverage becomes virtually limitless." (*City of Stockton*, at p. 1524.)  "Accordingly, general assertions that it would benefit the employer for, or even that the employer expects, an employee to stay in good physical condition are not sufficient." (*Ibid*.)

Here, as the trial court properly observed, "[e]ven if off duty physical fitness exercise w[as] a requirement of [Desimone]'s job, which it was not, it would be inherently unreasonable to assume that the specific activity of unsupervised heavy weight lifting [of 350 pounds in a friend's apartment gym without direction or supervision by a fitness trainer] was expected or required" by the County.  Thus, even if *Ezzy* applied, Desimone did not show his weight-lifting activity was a "reasonable expectancy" of his employment.

6

## DISPOSITION

The judgment is affirmed.  Respondent shall recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Ghitterman & Ghitterman and Russell R. Ghitterman for Plaintiff and Appellant.

Reicker, Pfau, Pyle & McRoy and Alan A. Blakeboro for Defendant and Respondent.